Jerald W. Caballero 142021
_(full name/prisoner number)_
Jerome County Detention Center
2151 S. Tiger Dr.
Jerome, ID 83338 -5141
_(complete mailing address)_

U.S. COURTS

MAY 1 3 2024

Rcvd_____Filed_____Time_____
STEPHEN W. KENYON
CLERK, DISTRICT OF IDAHO

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

Jerald W. Caballero ,
_(full name)_

          Plaintiff,

v.

Jerome County Sheriff's Dept.
(Jerome County Jail)
_____
_____

          Defendant(s).

_(if you need additional space, use a blank page for a continuation page)_

Case No. 1:24-CV-232-BLW
_(to be assigned by Court)_

**PRISONER COMPLAINT**

Jury Trial Requested: ☒ Yes   ◯ No

## A. JURISDICTION

The United States District Court for the District of Idaho has jurisdiction over my claims under:
_(check all that apply)_:

- ☒ 42 U.S.C. § 1983 _(applies to state, county, or city defendants)_
- ☐ _Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics_, 403 U.S. 388 (1971) and 28 U.S.C. § 1331 _(applies to federal government defendants only)_
- ☐ Other federal statute _(specify)_ _____ ; or diversity of citizenship.
- ☐ I also ask the federal court to exercise supplemental jurisdiction over state law claims.

## B. PLAINTIFF

My name is ___Jerald W. Caballero___ . I am a citizen of the State of ___Idaho___ ,

presently residing at ___Jerome County Detention Center___ .

**PRISONER COMPLAINT - p. 1**          _(Rev. 10/24/2011)_

## C. DEFENDANT(S) AND CAUSE(S) OF ACTION

*(Copy and use a separate page for each defendant and each different type of claim; for example, if you have two different claims against one defendant, you will use two pages. Attach a continuation page if needed, but try to be brief.)*

1. I am suing _Jerome County Sheriff's Dept._, who was acting as _Jerome County Detention Center_
   *(defendant)*                                    *(job title, if a person; function, if an entity)*

for the _Jerome County_
   *(state, county, city, federal government, or private entity performing a public function)*

2. *(Factual Basis of Claim)* I am complaining that on _2/2/2024_, Defendant did
   *(dates)*

the following *(state how Defendant participated in the violation and include the reason Defendant so acted if known):*
I, Jerald W. Caballero, attest that on 2/2/2024 at approximately 1:00 AM the Jerome County Detention Center (Jerome County Sheriff's Dept.) violated my 8th Amendment rights and 42 U.S.C. §1983 by not providing an adequate response to an emergent medical need, and displaying deliberate indifference to that need. At approximately 1:00 AM on 2/2/2024 I pushed the emergency/call button in my cell, 100F, at the Jerome County Detention Center. I was experiencing severe chest pains and difficulty breathing. Deputy Graham responded to the call within about 5 minutes, and I asked if they would be able to check my blood pressure and have someone
** See attached pages →

3. *(Legal Basis of Claim)* I allege that the acts described above violated the following provisions of the Constitution, federal statutes, or state laws:
   • 8th Amendment to the United States Constitution
   • 42 U.S.C. 1983

4. I allege that I suffered the following injury or damages as a result:
The jail has not followed up on my medical emergency from 2/2/24. No determination was made immediately following, or since then, as to whether I suffered a heart attack via an EKG or other tests, standard medical responses to my clearly stated medical symptoms. Furthermore I experienced physical, emotional and psychological injuries as a result.

5. I seek the following relief: _monetary relief and policy/procedure changes in jail operations to ensure medical safety of inmates._

6. I am suing Defendant in his/her ☐ personal capacity *(money damages from Defendant personally)*, and/or
   ☐ official capacity *(seeking an order for Defendant to act or stop acting in a certain way; or money damages from an entity because of Defendant's acts, as allowed by law)*; or ☒ Defendant is an entity *(government or private business)*.

7. For this claim, I exhausted the grievance system within the jail or prison in which I am incarcerated.
   ☒ Yes ◯ No. If "Yes," briefly explain the steps taken to exhaust; if "No," briefly explain why full jail or prison grievance remedies were not exhausted. Grievance Protocol + Jail response
   Level 1  3/14  + 3/19   * All grievances archived in
   Level 2  3/23  + 4/4    the Jail's online system for

## D.  PREVIOUS OR PENDING LAWSUITS

I have pursued or am now pursuing the following other lawsuits: *(include (1) all lawsuits in state or federal court related to the subject matter of this action, and (2) any federal court civil rights lawsuits, related or unrelated, and note whether you have received a strike under 28 U.S.C. § 1915(g) for filing a complaint that is frivolous, malicious, or fails to state a claim upon which relief can be granted.)*

N/A

| Court | Case No. | Case Name | Status of Case | Strike? |
|-------|----------|-----------|----------------|---------|
|       |          |           |                |         |
|       |          |           |                |         |
|       |          |           |                |         |

## E.  REQUEST FOR APPOINTMENT OF ATTORNEY

I do ⊗   do not ◯   request that an attorney be appointed to represent me in this matter. I believe that I am in need of an attorney for these particular reasons which make it difficult for me to pursue this matter without an attorney:

An attorney will provide me qualified expertise on my Constitutional rights and advocate for me in a way I cannot do alone. I cannot currently afford an attorney (see attached documentation). Furthermore, I suffer from PTSD and schizoaffective disorder, making complicated legal work very challenging for me. During my K-12 education I received

## F.  DECLARATION UNDER PENALTY OF PERJURY  special education services. I did receive Social Security Disability benefits due to my disability.

I declare under penalty of perjury:

that I am the plaintiff in this action, that I have read the complaint, and that the information contained in the complaint is true and correct. 28 U.S.C. § 1746; 18 U.S.C. § 1621; and

that I deposited this complaint postage prepaid in a United States postal depository unit on ~~December~~ *(date)*; OR that I gave the complaint to prison officials for mailing and filing with the Clerk of Court under the indigent inmate policy on 5-7-2024 *(date)*; OR *(specify other method)*
_____.

Executed at Jerome County Detention Center on May 7th, 2024         .
                    *(Location)*                                *(Date)*

Londell W. Catrallono
*Plaintiff's Original Signature*

*Note: Fill in the page numbers. Keep one copy of the complaint for yourself (or you may send a copy to the Clerk of Court with your original complaint so that the Clerk can stamp the date and case number on the copy and return it to you), but do not send extra copies of the complaint to the Court for Defendants or otherwise. Do not attach original exhibits to your complaint, such as your only grievance copy. Do not attach more than 25 pages of exhibits. If you have more exhibits, wait until the Court determines you can proceed and then seek leave to file them for an appropriate purpose. After your complaint has been filed, it must be reviewed by a federal judge to determine whether you can proceed.*

*(Rev. 10/24/2011)*

could check into my chest pains and breathing issues. Deputy Graham left, and indicated he would return and did so in about 5 minutes. He asked me several symptom-related questions to which I replied, reiterating my chest pains and breathing issues. He said he would return and never did. I was waiting for the deputy for nearly 45 minutes with my symptoms worsening, so I pressed the call button a few times. Deputy Hughes arrived within a few minutes. He asked me to grab my mattress and commissary box. I attempted to explain why I had pressed the button, and he replied (paraphrasing): "I do not want to hear it." He indicated I had to be moved to a cell in booking for observation, because (paraphrasing) "you pushed the call button too many times." Noteworthy is the fact that both cells have cameras, therefore any argument about being able to provide medical observation more effectively in the booking cell is moot. Moreover, the medical staff was unavailable, so the deputy's acts, or his supervisor's, were deliberately indifferent to my medical needs (Estelle v. Gamble, 1976). And, under Monell v. Dept. of Social Services of New York (2018) and its progeny (Mabe v. San Bernadino Cnty., 9th Cir., 2001, and others) the criteria for deliberate indifference was established, including: deprivation of my 8th Amendment rights; the employment of a custom or policy; that policy or custom amounted to deliberate indifference; and the policy was the moving force behind the Constitutional violation. The policy or custom in question is that of retaliation against inmates who press the emergency/call button. Additionally, McGockin v. Smith (9th Cir., 1982) defines medical needs and the concept of deliberate indifference, as cited in Frey v. Centurion Health (D. Idaho, 2023):

> "Deliberate indifference can be manifested by prison doctors in their response to prisoners' needs, or by prison guards in intentionally denying or delaying access to medical care."

The jail staff intentionally delayed medical care by ~~not transporting me immediately by~~ failing to transport me to an emergency medical center. I had repeatedly, with 2 deputies, expressed that I was experiencing chest pains and difficulty breathing. No medical attention resulted until several hours later when the jail's nurse checked my blood pressure. It's worth noting that she did so with great reluctance. All this amounts to a deliberate and wanton disregard to my medical needs, violating 42 U.S.C. 1983 and the 8th Amendment to the United States Constitution. →

* Attached pag[illegible] complaint[illegible] 2 (2)

The details aforementioned can be verified on the Jerome County Detention Center's video monitoring system for pod 1000 (cell 1001) and the booking cell I was sent to.

For the reasons stated herein, I am seeking monetary relief and policy changes to the jail's practices to ensure that emergency medical needs are appropriately addressed, under 42 U.S.C 1983 + the 8th Amendment.

Jerald W. Caballero

Jerald W. Caballero

Relevant case Law:

- U.S. Supreme Court:
  - Estelle v. Gamble (1976)
  - Ashcroft v. Iqbal (2009)
  - Monell v. Dept of Social Services of New York (2018)
- 9th Circuit Court of Appeals:
  - McGockin v. Smith (1982)
  - Franklin v. Murphy (1984)
  - Rizz v. Dawson (1985)
  - Mabe v. San Bernadino Cnty. (2001)
  - Rhodes v. Robinson (2005)
  - Brodheim v. Cry (2009)
  - Clauthier v. Cnty of Contra Costa (2010)
  - Watison v. Carter (2012)
- District Court:
  - Alaniz v. Jerome County Jail (D. Idaho, 2023)
  - Frey v. Centurion Health, Inc. (D. Idaho, 2023)