UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERALD W. CABALLERO,<br><br>　　　　　　Plaintiff,<br><br>　v.<br><br>JEROME COUNTY SHERIFF'S DEPARTMENT,<br><br>　　　　　　Defendant. | Case No. 1:24-cv-00232-BLW<br><br>**SUCCESSIVE REVIEW ORDER BY SCREENING JUDGE** |

　　　Plaintiff Jerald W. Caballero is an inmate proceeding pro se and in forma pauperis in this civil rights action. At the time of the events giving rise to Plaintiff's claims, he was a pretrial detainee in the Jerome County Jail.

　　　The Court previously reviewed Plaintiff's complaint pursuant to 28 U.S.C. §§ 1915 and 1915A, determined that it failed to state a claim upon which relief could be granted, and allowed Plaintiff an opportunity to amend. *Initial Review Order*, Dkt. 6. Plaintiff has now filed an Amended Complaint, though it is captioned as a "Motion to File Amended Complaint." *See* Dkt. 10.

　　　The Court retains its screening authority pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Having screened the Amended Complaint, the Court enters the

following order allowing Plaintiff to proceed on his due process claim of inadequate medical treatment against the Jerome County Sheriff's Department.

1. **Screening Requirement and Pleading Standard**

The Court must dismiss a prisoner or in forma pauperis complaint—or any portion thereof—that states a frivolous or malicious claim, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915(e)(2) & 1915A(b).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the reviewing court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "[D]etailed factual allegations" are not required, but a plaintiff must offer "more than . . . unadorned, the-defendant-unlawfully-harmed-me accusation[s]." *Id.* (internal quotation marks omitted). If the facts pleaded are "merely consistent with a defendant's liability," the complaint has not stated a claim for relief that is plausible on its face. *Id.* (internal quotation marks omitted).

2. **Discussion**

Plaintiff brings claims under 42 U.S.C. § 1983, the civil rights statute. To state a plausible civil rights claim, a plaintiff must allege a violation of rights

protected by the Constitution or created by federal statute proximately caused by conduct of a person acting under color of state law. *Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).

The Fourteenth Amendment's Due Process Clause prohibits the government from punishing pretrial detainees and guarantees detainees minimally adequate conditions of detention, including adequate medical treatment. *Bell v. Wolfish*, 441 U.S. 520, 535 (1979); *Simmons v. Navajo County*, 609 F.3d 1011, 1017 (9th Cir. 2010). Conditions-of-detention claims are analyzed using a standard of "objective deliberate indifference." *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1125 (9th Cir. 2018). Under that standard, a detainee must establish the following elements:

> (i) the defendant made an intentional decision with respect to the conditions under which the plaintiff was confined; (ii) those conditions put the plaintiff at substantial risk of suffering serious harm; (iii) the defendant did not take reasonable available measures to abate that risk, even though a reasonable official in the circumstances would have appreciated the high degree of risk involved—making the consequences of the defendant's conduct obvious; and (iv) by not taking such measures, the defendant caused the plaintiff's injuries.

*Id.*

As the Court explained in its Initial Review Order, to state a § 1983 claim against a governmental entity such as the Jerome County Sheriff's Department, a plaintiff must plausibly allege that the execution of an official policy or unofficial custom inflicted the injury of which the plaintiff complains. *Monell v. Dep't of*

*Soc. Servs. of New York*, 436 U.S. 658, 694 (1978). Under *Monell*, a plaintiff must allege the following: (1) the plaintiff was deprived of a constitutional right; (2) the entity had a policy or custom; (3) the policy or custom amounted to deliberate indifference to plaintiff's constitutional right; and (4) the policy or custom was the moving force behind the constitutional violation. *Mabe v. San Bernardino Cnty.*, 237 F.3d 1101, 1110–11 (9th Cir. 2001).

Plaintiff alleges that, at 1:00 a.m. on February 2, 2024, Plaintiff began experiencing severe chest pains, as well as trouble breathing, and pressed the emergency call button in his cell. A deputy initially responded, asked Plaintiff some medical questions, and went to check with medical personnel, who were not on site. The deputy did not return. Plaintiff pressed the call button several more times, and another deputy took Plaintiff to an observation cell. Plaintiff was left in severe pain for seven hours before a nurse evaluated him. *Id*. at 1–3.

According to the Amended Complaint, the Jerome County Sheriff's Department has a policy of not keeping any after-hours medical personnel at the jail to handle medical emergencies. Therefore, after medical personnel have left for the day, it is a jail officer—not a medical professional—who "determine[s] the seriousness of the inmates [sic] emergency prior to contacting emergency medical services." *Id*. at 4.

Plaintiff's allegations in the Amended Complaint are sufficient to permit him to proceed on his *Monell* claim of inadequate medical treatment.

**3.    Request for Appointment of Counsel**

Plaintiff requests appointment of counsel. *Am. Compl.*, Dkt. 10, at 5. Unlike criminal defendants, prisoners and indigents in civil actions have no constitutional right to counsel unless their physical liberty is at stake. *Lassiter v. Dep't of Social Services*, 452 U.S. 18, 25 (1981). Whether a court appoints counsel for indigent litigants is within the court's discretion. *Wilborn v. Escalderon*, 789 F.2d 1328, 1331 (9th Cir. 1986).

In civil cases, counsel should be appointed only in "exceptional circumstances." *Id*. To determine whether exceptional circumstances exist, the court should evaluate two factors: (1) the likelihood of success on the merits of the case, and (2) the ability of the plaintiff to articulate his claims pro se in light of the complexity of legal issues involved. *Terrell v. Brewer*, 935 F.2d 1015, 1017 (9th Cir. 1991). Neither factor is dispositive, and both must be evaluated together. *Id*.

Plaintiff's Amended Complaint, liberally construed, appears to state a claim upon which relief could be granted if the allegations are proven at trial. However, without more than the bare allegations of the Amended Complaint, the court does not have a sufficient basis upon which to assess the merits, if any, at this point in the proceeding. The Court also finds that Plaintiff has articulated his claims

sufficiently, and that the legal issues in this matter are not complex. Based on the foregoing, the Court will deny Plaintiff's request for appointment of counsel. If it seems appropriate at a later date in this litigation, the Court will reconsider appointing counsel.

A federal court has no authority to require attorneys to represent indigent litigants in civil cases under 28 U.S.C. § 1915(e)(1) or under the Court's inherent authority. *Mallard v. U.S. Dist. Court for S. Dist. of Iowa*, 490 U.S. 296, 298 (1989) (holding that the appointment of counsel provision in § 1915, formerly found in subsection (d), does not "authorize[] a federal court to require an unwilling attorney to represent an indigent litigant in a civil case"); *Veenstra v. Idaho State Bd. of Corr.*, Case No. 1:15-cv-00270-EJL (D. Idaho May 4, 2017) ("[The Court] does not have inherent authority to compel an attorney to represent Plaintiffs pro bono."). Rather, when a Court "appoints" an attorney, it can do so only if the attorney voluntarily accepts the assignment. *Id.* The Court has no funds to pay for attorneys' fees in civil matters such as this one, and it is often difficult to find attorneys willing to work on a case without payment—especially in prisoner cases, where contact with the client is particularly difficult. For these reasons, Plaintiff should attempt to procure counsel on a contingency or other basis, if at all possible.

# CONCLUSION

Plaintiff may proceed as outlined above. This Order does not guarantee that Plaintiff's *Monell* claim will be successful. Rather, it merely finds that the claim is plausible, meaning it will not be summarily dismissed at this time but will proceed to the next stage of litigation. This Order is not intended to be a final or a comprehensive analysis of Plaintiff's claims.

Defendant may still file a motion for dismissal or motion for summary judgment if the facts and law support such a motion.[1] Because (1) prisoner filings must be afforded a liberal construction, (2) governmental officials often possess the evidence prisoners need to support their claims, and (3) many defenses are supported by governmental records, an early motion for summary judgment—rather than a motion to dismiss—is often a more appropriate vehicle for asserting procedural defenses such as non-exhaustion or entitlement to qualified immunity.

# ORDER

**IT IS ORDERED:**

1. Plaintiff's Motion to File Amended Complaint (Dkt. 10) is GRANTED.

---

[1] The standards for a motion to dismiss for failure to state a claim under Rule 12(b)(6) are the same standards that the Court has used to screen the Amended Complaint under §§ 1915 and 1915A. Therefore, motions to dismiss for failure to state a claim are disfavored in cases subject to §§ 1915 and 1915A and may be filed only in extraordinary circumstances.

2. Plaintiff's request for appointment of counsel (contained in the Amended Complaint) is DENIED.

3. Plaintiff may proceed on due process claim of inadequate medical treatment against Defendant Jerome County Sheriff's Department.

4. Defendant will be allowed to waive service of summons by executing, or having counsel execute, the Waiver of Service of Summons as provided by Fed. R. Civ. P. 4(d) and returning it to the Court within 30 days. If Defendant chooses to return the Waiver of Service of Summons, the answer or pre-answer motion will be due in accordance with Rule 12(a)(1)(A)(ii). Accordingly, the Clerk of Court will forward a copy of the Amended Complaint (Dkt. 10), a copy of this Order, and a Waiver of Service of Summons to **Sam Beus, Jerome County Prosecuting Attorney, 233 W. Main St, Jerome, Idaho, 83338**.

5. If Defendant or Defendant's counsel chooses not to return the waiver, counsel should file a notice within the CM/ECF system, with a copy mailed to Plaintiff, indicating that service will not be waived.

6. If Plaintiff receives a notice indicating that service of process will not be waived, Plaintiff will have an additional 90 days from the date of such notice to file a notice of physical service address of the

individual who must be served on behalf of the Defendant entity, so that the Court can effect service of process upon Defendant. *See* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process, and perform all duties in [in forma pauperis] cases."). If Plaintiff does not do so, this case may be dismissed for failure of service.

7. After Defendant appears, the Court will issue an order governing the pretrial schedule, including disclosure and discovery in this case. *See* General Order 343, *In Re: Adoption of a Standard Disclosure and Discovery Order for Pro Se Prisoner Civil Rights Cases* (Feb. 8, 2019).

8. Each party must ensure that all documents filed with the Court are simultaneously served upon the opposing party (through counsel if the party has counsel) by first-class mail or via the CM/ECF system, pursuant to Federal Rule of Civil Procedure 5. Each party must sign and attach a proper mailing certificate to each document filed with the court, showing the manner of service, date of service, address of service, and name of person upon whom service was made.

9. The Court will not consider ex parte requests unless a motion may be heard ex parte according to the rules and the motion is

clearly identified as requesting an ex parte order, pursuant to Local Rule of Civil Practice before the United States District Court for the District of Idaho 7.2. ("Ex parte" means that a party has provided a document to the court, but that the party did not provide a copy of the document to the other party to the litigation.)

10. All Court filings requesting relief or requesting that the Court make a ruling or take an action of any kind must be in the form of a pleading or motion, with an appropriate caption designating the name of the pleading or motion, served on all parties to the litigation, pursuant to Federal Rule of Civil Procedure 7, 10 and 11, and Local Rules of Civil Practice before the United States District Court for the District of Idaho 5.1 and 7.1. The Court will not consider requests made in the form of letters.

11. No party may have more than three pending motions before the Court at one time, and no party may file a motion on a particular subject matter if that party has another motion on the same subject matter currently pending before the Court. Motions submitted in violation of this Order may be stricken,

summarily denied, or returned to the moving party unfiled.

12. Plaintiff must notify the Court immediately if Plaintiff's address changes. Failure to do so may be cause for dismissal of this case without further notice.

13. Pursuant to General Order 324, this action is hereby RETURNED to the Clerk of Court for random civil case assignment to a presiding judge, on the proportionate basis previously determined by the District Judges, having given due consideration to the existing caseload.

DATED: December 30, 2024

_____
B. Lynn Winmill
U.S. District Court Judge