UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JERALD W. CABALLERO,<br><br>              Plaintiff,<br><br>v.<br><br>JEROME COUNTY SHERIFF'S DEPARTMENT,<br><br>              Defendant. | Case No. 1:24-cv-00232-REP<br><br>**MEMORANDUM DECISION AND ORDER** |

      Plaintiff, a federal prisoner incarcerated in New Jersey, is proceeding pro se in this civil rights action that challenges the conditions of Plaintiff's former detention in the Jerome County Jail. The Court previously entered a Successive Review Order allowing Plaintiff to proceed on his due process claim of inadequate medical treatment against Defendant Jerome County Sheriff's Department. Dkt. 11.

      Plaintiff has now filed a Motion to Amend the Complaint, which became ripe on January 31, 2026, when Defendant did not file a response. Dkt. 39. The proposed amended complaint seeks to add another entity defendant and numerous individual defendants. Dkt. 40. The deadline for amendments in this case expired on December 11, 2025. Dkt. 28. Plaintiff filed the instant Motion to Amend, at the earliest, on December 23, 2025.[1]

---

[1] Prisoners are usually entitled to the benefit of the "mailbox rule," which provides that a legal document is deemed filed on the date the prisoner delivers it to the prison authorities for filing by mail, rather than

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record and that oral argument is unnecessary. *See* D. Idaho Loc. Civ. R. 7.1. Accordingly, the Court enters the following Order denying Plaintiff's Motion to Amend.

1.  **Standards of Law**

If a motion to amend is filed within the time limit set by the scheduling order, the motion is governed by Rule 15 of the Federal Rules of Civil Procedure. Under that rule, the courts "should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2).

However, if a motion to amend is filed after the deadline for amendment has passed—as in this case—the motion may be granted only if the plaintiff shows good cause for the delay under Rule 16(b). *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "A court's evaluation of good cause is not coextensive with an inquiry into the propriety of the amendment under Rule 15." *Id*. (internal quotation marks and alteration omitted). Good cause exists when a deadline in the scheduling order "cannot reasonably be met despite the diligence of the party seeking the extension." *Id*. (quoting Adv. Cmte. Notes to Fed. R. Civ. P. 16(b), 1983 amendment).

Though other factors—such as prejudice to the opposing party—also contribute to the analysis of whether to permit amendment after the deadline, the diligence of the party

---

the date the clerk actually receives it. *See Houston v. Lack*, 487 U.S. 266, 270–71 (1988) (adopting mailbox rule in habeas case); *Douglas v. Noelle*, 567 F.3d 1103, 1107 (9th Cir. 2009) (applying the mailbox rule to civil rights action).

MEMORANDUM DECISION AND ORDER - 2

seeking amendment is of primary importance. *Id*. "[C]arelessness is not compatible with a finding of diligence and offers no reason for a grant of relief." *Id*.

**2.    Discussion**

Plaintiff asserts he acted diligently in filing his Motion to Amend because he only recently learned that counsel for the Jerome County Sheriff's Department does not represent the individuals Plaintiff seeks to add in his proposed amended complaint. Dkt. 39 at 1–2. However, Plaintiff acknowledges that he learned this fact in late October 2025. *Id*. at 2. Plaintiff did not file his Motion to Amend until December 23, 2025—nearly two months later. Plaintiff has not explained why he could not have moved to amend the complaint earlier. Indeed, Plaintiff was able to submit a proposed amended complaint before the deadline expired, though he did not file the required motion. *See* Dkt. 34 at 2 ("Plaintiff's second amended complaint (Dkt. 29) is STRICKEN from the record as filed in violation of Federal Rule of Civil Procedure 15(a)(2) and the Court's previous order."). Therefore, the Court concludes that Plaintiff has not established good cause.

## ORDER

**IT IS ORDERED** that Plaintiff's Motion to Amend the Complaint (Dkt. 39) is **DENIED**.



DATED:  February 9, 2026

_____
Honorable Raymond E. Patricco
Chief U.S. Magistrate Judge

MEMORANDUM DECISION AND ORDER - 3